ALLOTTED & REFERRED TO U.S. MAGISTRATE MOORE.

Laura L. JOHNSON, Plaintiff,

v.

GILLMAN NORTH, INC., d/b/a Gillman Acura, Defendant.

Civ. A. No. H–92–41.

United States District Court, S.D. Texas, Houston Division.

Sept. 23, 1992.

James H Leeland, Gammon & Matthews, Houston, Tex., for plaintiff.

Dale Ledbetter, Houston, Tex., for defendant.

MEMORANDUM AND ORDER

BOTLEY, United States Magistrate Judge.

Pending before the Court is Defendant Gillman North, Inc.'s Motion to Strike Jury Demand (# 9). On January 6, 1992, Plaintiff Laura Johnson ("Johnson"), filed this action complaining of conduct of her employer, Gillman North, Inc. ("Gillman"), which allegedly constituted racial, religious, national origin and sex discrimination in her employment, in violation of Title VII of the Civil Rights of 1964, 42 U.S.C. §§ 2000e, *et seq*, and as amended by the Civil Rights Act of 1991 ("the Act"), P.L. 102–166, 105 Stat. 1071.

In her complaint, Johnson seeks the right to a jury trial as well as punitive damages, pursuant to the Act. In response to Johnson's demand for a jury trial and punitive damages, Gillman filed its Motion to Strike Jury Demand (# 9), arguing that because Johnson complains of conduct by Gillman which occurred prior to November 21, 1991, the date the Act became effective, and that because the Act contains no retroactive provisions, the Act therefore does not apply to this action. As a result, Gillman argues, Johnson's demand for a jury trial, as well as any damages pursuant to the Act, should not apply in this case. Although the issue of the retroactivity of the Act is a recent one, the President and Congress have addressed the issue tangentially, and the Fifth Circuit has addressed the issue directly.

Before the Act was enacted, Congress submitted, and the President vetoed, a bill containing a provision which, if enacted into law, would have made the Act retroactive. As submitted and signed into law by the President however, the 1991 amendments to the Civil Rights Act of 1964 contained no provision for retroactive application, nor did they contain any provision for prospective application. *See, Johnson v. Uncle Ben's, Inc.*, 965 F.2d 1363, 1372 (5th Cir.1992). In this regard, it is clear that although Congress considered the inclusion of a provision for retroactive application, it ultimately decided, and the President concurred, that no such provision should be contained in the Act.

Upon thorough examination of the legislative history of the Act, as well as upon review of the decisions of other Circuits on the issue of retroactive application, the Fifth Circuit has held, in two recent decisions, that there is no retroactive application of the Act. *See, Johnson, supra; Landgraf v. U.S.I. Film Products*, 968 F.2d 427 (5th Cir.1992).

In *Johnson*, the Fifth Circuit held that there was no clear evidence to the contrary that the Act was not retroactive, and that absent any clear evidence to the contrary, the Act does not apply retroactively. *Johnson*, at 1374. Relying on and in agreement with *Johnson*, the Fifth Circuit held in *Landgraf* that there was no clear intent by Congress that the Act apply retroactively, and that on the issue of punitive damages, the Act does not apply to conduct which occurred prior to its enactment. *Landgraf*, at 432, 433.

Accordingly, in light of the congressional intent and the recent decisions within this Circuit, it is hereby

ORDERED that Defendant Gillman North, Inc.'s Motion to Strike Jury Demand (# 9) is granted. Because Johnson complains of conduct which occurred prior to the enactment of the Act, she shall not be entitled to rely on the Act in the prosecution of her claims.

The Clerk will file this Memorandum and Order and transmit a copy to each party or counsel.